IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| ARTURO PINTO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:17-cv-867-DAB |
|  | ) |  |
| THE RESERVE AT OPELIKA, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Arturo Pinto, sues Defendants, The Reserve at Opelika; Brookhaven Management Group, LLC; Joshua Lapides; St. Jean Clermont TIC, LLC; and St. Jean, TIC II, LLC,[1] in an eight-count Amended Complaint alleging discrimination based on race and national origin, retaliation, violations of the Fair Labor Standards Act, and state law wage claims. (Doc. 32). Before the court are Motions to Dismiss filed by the Defendants. (Docs. 33, 42). The matters have been fully briefed by the parties, and the court heard argument on September 25, 2018.[2] For the reasons that follow, the court **grants** the motions to dismiss (Docs. 33, 42) and allows Plaintiff leave to amend as set forth below.

**I.      Jurisdiction**

The jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* St. Jean Clermont TIC, LLC and St. Jean, TIC II, LLC (the "St. Jean Defendants") contest personal jurisdiction.

---

[1] Defendants state that St. Jean TIC II, LLC is improperly designated in the caption of the Amended Complaint (Doc. 32) as Defendant St. Jean TIC, LLC. However, in Paragraph 15 of the Amended Complaint, Defendant St. Jean TIC II, LLC is properly designated. (Doc. 33 at 1, n.1).
[2] *See* Docs. 43, 45–47, 57, 60, 63.

## II. Background and Statement of Facts[3]

Plaintiff, Arturo Pinto, is a Hispanic male born in Honduras and employed by one or more of the Defendants to work as a carpenter at a location in Baton Rouge, Louisiana, beginning in July 2015. (Doc. 32, ¶¶ 17–19). He alleges that Defendant, The Reserve at Opelika, is an Alabama corporation and that Brookhaven Management Group, LLC d/b/a The Reserve at Opelika ("Brookhaven") is a New Jersey company doing business in the State of Alabama. *Id.* ¶¶ 11–12. Both entities employ more than fifteen employees. *Id.* Defendant Joshua Lapides is the owner of Brookhaven and was responsible for supervising the day-to-day activities of Plaintiff while he worked for Defendants in Louisiana and Alabama. *Id.* ¶ 13. Plaintiff alleges the St. Jean Defendants are registered in Delaware but do business in the State of Alabama and employ more than fifteen employees. *Id.* ¶¶ 14–15.

For a period of time in 2015 and/or 2016, Plaintiff lived in an apartment complex in Baton Rouge, Louisiana owned by the St. Jean Defendants while he worked for Defendants. *Id.* ¶¶ 20–21. Defendant Lapides was employed by the St. Jean Defendants to supervise Plaintiff and other employees. *Id.* ¶ 22. Plaintiff worked as a carpenter for Defendants in Louisiana and Alabama. *Id.* ¶ 24. On January 4, 2016, Lapides transferred Plaintiff from Louisiana to an apartment in Opelika, Alabama, which was owned by The Reserve at Opelika and operated by Brookhaven. *Id.* ¶ 25. As part of the transfer, Defendants promised Plaintiff an increase in his hourly rate, a $100.00 per week per diem, and a rent-free apartment. *Id.* ¶¶ 42, 44, 46. According to Plaintiff, Defendants did not provide any of the benefits promised. *Id.* ¶¶ 43, 45, 48.

Defendants assigned job duties to Plaintiff such that he worked alone and apart from the other workers. *Id.* ¶ 49. Plaintiff complained to Saul Williams about his workload, the difference

---

[3] The statement of facts is taken from the Plaintiff's First Amended and Restated Complaint. (Doc. 32).

in his pay and benefits compared to African-American employees, and his isolation issues.[4] *Id.* ¶ 52. He was the only Hispanic employed by Defendants. *Id.* ¶ 50. Plaintiff worked continuously for Defendants under the supervision of Lapides. *Id.* ¶ 29. Defendants terminated Plaintiff on March 3, 2016. *Id.* ¶ 30. Shortly after Plaintiff's termination, Defendants placed a non-Hispanic male in Plaintiff's former position. *Id.* ¶ 32.

In an eight-count amended complaint, Plaintiff sues Defendants for violations of Title VII (Counts 1 and 2) and 42 U.S.C. § 1981 (Counts 3 and 4) on the basis of race and national origin, for Title VII (Count 5) and Section 1981 (Count 6) retaliation claims, and for violations of the Fair Labor Standards Act (Count 7) and unpaid wages (Count 8). (Doc. 32). He seeks injunctive, equitable, and monetary relief. *Id.* at 17–18.

The St. Jean Defendants move to dismiss the amended complaint arguing that no allegations establish they are Plaintiff's employer under the FLSA, Title VII, or Section 1981. These Defendants dispute the court's personal jurisdiction over them or that venue is proper because they do not transact business in Alabama, do not employ individuals in Alabama, do not own real estate in Alabama, and do not maintain an office in Alabama,. Additionally, they claim that Plaintiff has failed to satisfy the administrative prerequisites to assert a Title VII claim. Procedurally, these Defendants claim that the amended complaint suffers from the same deficiencies of being a shotgun pleading as the initial complaint in that Plaintiff fails to identify which factual allegations and claims are directed to which Defendants. (Doc. 33).

The Reserve at Opelika, Brookhaven and Lapides also move to dismiss the amended complaint arguing The Reserve at Opelika is not a proper entity to be sued, the amended complaint is untimely, Plaintiff failed to exhaust his administrative remedies, the Plaintiff's amended

---

[4] Plaintiff does not allege which Defendant employed Williams. Plaintiff worked under the supervision of "Scott" and Williams supervised Scott. *Id.* ¶¶ 99–100.

complaint is legally deficient, Plaintiff fails to allege these Defendants employed him for purposes of his FLSA and state law wage claims, and Plaintiff's shotgun allegations make it impossible for Defendants to decipher which allegations are being asserted against which Defendants. (Docs. 42, 43). Plaintiff filed responses in opposition and Defendants replied. (Docs. 45–47, 57).

### III. Legal Standard

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

### IV. Analysis

Plaintiff's First Amended and Restated Complaint fails to distinguish which counts are directed against which Defendants. Additionally, he incorporates and adopts every prior allegation and count into each successive count. This is a classic example of a shotgun pleading that has been routinely rejected by courts in this Circuit. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (discussing the various types of shotgun pleadings). Repeating the same conclusory allegations does not satisfy the dictates of *Iqbal* and *Twombly*. Accordingly, Plaintiff's Amended Complaint is due to be dismissed, but the court will allow Plaintiff one more opportunity to amend to attempt to clarify his allegations and claims.

Because several of Plaintiff's claims have been conceded or cannot survive, the court discusses those claims below to provide the parties guidance with respect to future pleadings. Plaintiff concedes that Count 1 alleging race discrimination and Count 5 alleging retaliation are due to be dismissed against The Reserve at Opelika, Brookhaven, and Lapides. (Doc. 47 at 10). Accordingly, those counts may not be pled again as to those Defendants. Similarly, to the extent that Plaintiff attempts to allege a Title VII claim against Lapides in Count 2, that claim is due to be dismissed as to Lapides who would not be an "employer" as that term is defined under Title VII.[5] *See* 42 U.S.C. § 2000e(b). As Defendants note, Lapides is mentioned only briefly in Plaintiff's complaint. To the extent Plaintiff intends to pursue any claims individually against Lapides, Plaintiff shall set forth factual allegations supporting liability against him.

As for the St. Jean Defendants' argument that Plaintiff's Title VII claims fail against them, the court concludes, at this stage of the pleadings, that Plaintiff may include these claims in his amended pleading. Although these Defendants contend that Plaintiff failed to exhaust his administrative remedies, Plaintiff argues that the EEOC's failure to forward his Charge of Discrimination against the St. Jean Defendants to those Defendants should not preclude his claims where he named St. Jean in the Charge. *See* Doc. 45-2 at 12; *see also A.H. by & through Hunt v. Wendy's Co.*, No. 3:18-CV-0485, 2018 WL 4002856, at *8 (M.D. Pa. Aug. 22, 2018) (where plaintiff properly commenced her administrative action against Wendy's defendants, her claims against them would not be dismissed based on errors made by the EEOC). To the extent that Plaintiff here is able to allege a proper administrative action was commenced against the St. Jean Defendants, the Title VII claims against these Defendants may be repled in the Second Amended

---

[5] In order to be liable for alleged violations of Title VII, an entity must be an "employer," defined by the statute as, "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

Complaint. Additionally, in repleading his claims against the St. Jean Defendants, Plaintiff should sufficiently allege facts, as opposed to conclusory statements, supporting these Defendants are the Plaintiff's "employer" as that term is defined by the relevant statutes and that this court properly has personal jurisdiction over them.

Finally, the court notes that Plaintiff has set forth two separate causes of action under 42 U.S.C. § 1981 in counts 3 and 4. In filing his amended pleading, Plaintiff shall consolidate these claims into one count.

Plaintiff is admonished that as to whichever claims he wishes to continue to assert, he must avoid the perils of his shotgun approach. As to each claim, he must carefully identify which defendant he alleges is responsible as well as the acts and circumstances that are asserted to support that defendant's liability.

## V.  Conclusion and Order

For the reasons stated, it is hereby **ORDERED**:

Defendants St. Jean Clermont TIC, LLC, and St. Jean TIC II, LLC's Motion to Dismiss First Amended and Restated Complaint (Doc. 33) and Defendants' Motion to Dismiss Plaintiff's First Amended and Restated Complaint (Doc. 42) are **granted**. The court will allow Plaintiff one more opportunity to amend to clarify his factual allegations and claims.

The Court withholds any ruling with respect to personal jurisdiction and venue, pending review of Plaintiff's amended allegations. Plaintiff should include any additional facts he believes should be considered by the Court with respect to these issues.

Plaintiff is directed to file his Second Amended Complaint as a separate docket entry within 14 days of the date of this order. Defendants shall file their responses to the Second Amended Complaint within 21 days of the date it is filed.

**DONE** and **ORDERED** this 27th day of November 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE