# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

ARTURO PINTO,

    PLAINTIFF,

VS.                                            CV NO.: 3:17-cv-00867-DAB

THE RESERVE AT OPELIKA,
BROOKHAVEN MANAGEMENT
GROUP, LLC, JOSHUA LAPIDES,
ST. JEAN CLERMONT TIC, LLC,
and ST. JEAN TIC, LLC

    DEFENDANT.                      JURY TRIAL DEMANDED

## SECOND AMENDED AND RESTATED COMPLAINT

**I.    JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 1367, 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA. Plaintiff further brings this action for breach of contract and work and labor done that occurred when Defendants failed to pay him under the compensation agreement it promulgated during the course of his employment. The jurisdiction of

1

this Court is invoked to secure the protection and redress the deprivation of rights secured by 42 U.S.C. § 1981.

2.      Plaintiff, Arturo Pinto, (hereinafter "Plaintiff") is a resident of Kenner, Jefferson Parish County, Louisiana, and performed work for the Defendants, identified below, in the counties composing the Middle District of Alabama during the events of this case.  Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Eastern Division.  Plaintiff is an employee as defined by 29 U.S.C. § 203(e).

## II.   PARTIES

3.      Defendant The Reserve at Opelika (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.  Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C.  § 203(r).

4.      Defendant Brookhaven Management Group, LLC d/b/a The Reserve at Opelika (hereinafter "Defendant") is a foreign company registered in New Jersey and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C.  § 203(r).

5. Defendant Joshua Lapides, an individual, is an individual and owner of Brookhaven Management Group, LLC. During the events of this case, Defendant Joshua Lapides supervised the day-to-day activities of the Plaintiff in the State of Louisiana and the counties composing the Middle District of Alabama such that he is an employer as defined by the Fair Labor Standards Act.

6. Defendant St. Jean Clermont TIC, LLC (hereinafter "Defendant") is a foreign company registered in Delaware and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 203(r).

7. Defendant St. Jean TIC II, LLC (hereinafter "Defendant") is a foreign company registered in Delaware and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 203(r).

## III. STATEMENT OF FACTS COMMON TO ALL COUNTS

8. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-7 above.

9. Defendant St. Jean Clermont TIC, LLC and/or Defendant St. Jean TIC II, LLC employed Plaintiff in Louisiana, and such employment commenced on or about July 21, 2015.

10. Plaintiff commenced his employment with Defendant St. Jean Clermont TIC, LLC and Defendant St. Jean TIC II, LLC at its location in Louisiana with the address 16441 S. Harrell's Ferry Road, Baton Rouge, LA 70816.

11. In July 2015, Plaintiff also resided at 16441 S. Harrell's Ferry Road, Baton Rouge, LA 70816.

12. Upon information and belief, Defendant St. Jean Clermont TIC, LLC and/or Defendant St. Jean TIC II, LLC employed Defendant Josh Lapides in Louisiana.

13. Defendant St. Jean Clermont TIC, LLC and/or Defendant St. Jean TIC II, LLC employed Plaintiff as a Carpenter.

14. On January 4, 2016, Defendant Josh Lapides, acting on behalf of Defendant St. Jean Clermont TIC, LLC and/or Defendant St. Jean TIC II, LLC, transferred Plaintiff to Opelika, Alabama to work for Defendant Brookhaven Management, LLC and Defendant Reserve at Opelika.

15. Plaintiff worked under the supervision of Defendant Lapides wherein Defendant Lapides acted as the agent for Defendant St. Jean Clermont TIC, LLC

4

and/or Defendant St. Jean TIC II, LLC, as well as the agent for Defendant Brookhaven Management Group, LLC and Defendant The Reserve at Opelika.

16.  Upon information and belief, Defendant Josh Lapides, as owner of Brookhaven Management Group, LLC, contracted with Ski Lodge Investors, LLC to service the grounds and repairs of the property owned by Defendant The Reserve at Opelika.

## IV.   COUNT ONE - Fair Labor Standards Act – Unpaid Minimum Wage

17.  Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 16 above.

18.  Plaintiff worked on the property of Defendant The Reserve at Opelika for the benefit of Defendants Brookhaven Management, LLC, and Defendant Josh Lapides, during the work week of February 29, 2016 through March 3, 2016.

19.  Defendants, as referenced in paragraph 18 above, failed to pay Plaintiff any compensation, including the federally mandated minimum wage, for the final week of his employment that ended on or about March 3, 2016.

20.  Because of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of the federally mandated minimum wage for all the hours he worked.

21.  Plaintiff seeks approximately $232.00 in unpaid minimum wages and an equal amount of $232.00 for liquidated damages, attorneys' fees and costs.

## V.  COUNT TWO – Work & Labor Done – Unpaid Wages

22. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 16 above.

23. Plaintiff worked on the property of Defendant The Reserve at Opelika for the benefit of Defendants Brookhaven Management, LLC, and Defendant Josh Lapides, during the work week of February 29, 2016 through March 3, 2016.

24. Plaintiff did work and labor for the Defendants referenced in Paragraph 23 at the Defendants' request until March 3, 2016.

25. Defendants failed or refused to pay for said work and labor at the agreed upon rate of $16.75 per hour.

26. Defendants had knowledge of Plaintiff's work and labor and has refused to compensate Plaintiff for such work and labor.

27. Plaintiff reasonably expected to be paid for his services rendered at the hourly wage of $16.75 per hour, as well as the promised hourly wage of $18.00 per hour.

28. Defendants failed to pay Plaintiff any compensation, including the agreed upon hourly wage of $16.75 per hour, as well as the promised hourly wage of $18.00 per hour, for the final week of his employment that ended on or about March 3, 2016.

29. Plaintiff seeks $576.00 ($18.00 per hour * thirty-two (32) hours per week) for his unpaid labor that occurred during the week of February 29, 2016 through March 3, 2016.

30. During the payroll period ending on January 17, 2016, Defendant The Reserve at Opelika and/or Defendant Brookhaven Management, LLC, through its principal Defendant Lapides paid Plaintiff an hourly rate of $16.75 per hour and Plaintiff worked eighty hours.

31. For the payroll period ending on January 17, 2016, Plaintiff seeks $100.00 (80 hours * $1.25 per hour).

32. During the payroll period ending on January 31, 2016, Defendant The Reserve at Opelika and/or Defendant Brookhaven Management, LLC, through its principal Defendant Lapides paid Plaintiff an hourly rate of $16.75 per hour and Plaintiff worked eighty hours.

33. For the payroll period ending on January 31, 2016, Plaintiff seeks $100.00 (80 hours * $1.25 per hour).

34. During the payroll period ending on February 14, 2016, Defendant The Reserve at Opelika and/or Defendant Brookhaven Management, LLC, through its principal Defendant Lapides paid Plaintiff an hourly rate of $16.75 per hour and Plaintiff worked eighty hours.

35. For the payroll period ending on February 14, 2016, Plaintiff seeks $100.00 (80 hours * $1.25 per hour).

36. During the payroll period ending on February 28, 2016, Defendant The Reserve at Opelika and/or Defendant Brookhaven Management, LLC, through its principal Defendant Lapides paid Plaintiff an hourly rate of $16.75 per hour and Plaintiff worked ninety hours at a regular rate and two-and-a-half hours of overtime.

37. For the payroll period ending on February 28, 2016, Plaintiff seeks $117.1875 (90 hours * $1.25 per hour) + (2.5 overtime hours * 1.875 per hour).

38. Plaintiff seeks a total of $993.19 for work & labor performed for the benefit of Defendant The Reserve at Opelika and/or Defendant Brookhaven Management, LLC.

39. Plaintiff seeks all costs necessary for the prosecution of this action.

## VI. COUNT THREE - 42 U.S.C. § 1981 – Race & National Origin Discrimination – Termination)

40. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 16 above.

41. Plaintiff is a Hispanic male.

42. Plaintiff was born in Honduras.

43. As part of the transfer referenced in paragraph 14 above, Defendants, through their agent Defendant, Lapides, promised Plaintiff an increase in his hourly rate.

44. Defendants did not increase Plaintiff's hourly's rate.

45. As part of the transfer referenced in Paragraph 14, Defendants, through their agent Defendant, Lapides, promised Plaintiff a $100.00 per week per diem.

46. Defendants did not distribute the $100.00 per week per diem to the Plaintiff.

47. As part of the transfer referenced in Paragraph 14, Defendants through their agent Defendant, Lapides, promised Plaintiff a rent-free apartment as part of his wages.

48. Defendant provided an apartment that Plaintiff had to make habitable on his personal time.

49. Defendants did not provide the apartment to Plaintiff on a rent-free basis.

50. Defendants did provide apartments for non-Hispanic employees on a rent-free basis.

51. Defendants assigned job duties to Plaintiff such that he always worked alone and apart from the other workers.

52. As of the date of Plaintiff's termination, Plaintiff held the position of Carpenter.

53. Plaintiff was the only Hispanic employee employed by Defendants.

54. Plaintiff worked under the supervision of Scott (LNU).

55.  Plaintiff complained to Saul Williams about the workload, isolation caused by Scott (LNU), difference in his pay rate as compared to African-American employees, and why he had to pay rent while the African-American employees did not have to pay rent.

56.  Williams told Plaintiff that he would talk to Scott (LNU) about Plaintiff's job assignment and isolation issues, but he never spoke to Plaintiff about resolving the issues.

57.  Defendants terminated Plaintiff's employment on March 3, 2016.

58.  Shortly after Defendants terminated Plaintiff's employment, Defendants placed a non-Hispanic male in Plaintiff's former position.

59.  Defendants did not provide Plaintiff with a reason for his termination.

60.  In violation of 42 U.S.C. § 1981, Defendants terminated Plaintiff's employment, but Defendants did not terminate the employment of a non-Hispanic employee without explanation.

61.  In violation of 42 U.S.C. § 1981, Defendants' decision to terminate Plaintiff was, in whole or part, because of his race and/or national origin.

62.  In violation of 42 U.S.C. § 1981, Defendants' decision to terminate Plaintiff was in retaliation for his complaints about discriminatory treatment based on his race and/or origin.

63. As a result of Defendants' violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. Grant Plaintiff a permanent injunction enjoining the Defendants, its agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from continuing to violate the terms of the 42 U.S.C. § 1981;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

D. Award him unpaid minimum wages; liquidated damages; attorney's fees and costs;

E. Award him back pay, together with employment benefits, front pay, compensatory damages; punitive damages; special damages; nominal damages, attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201, 29 U.S.C. § 201 et seq, and, 42 U.S.C. § 1981. that the actions of Defendants violated the law; and,

G. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, LLC
A Member of Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476

## **CERTIFICATE OF SERVICE**

   I hereby certify that on Decemeber 11, 2018, I filed a copy of the foregoing with the Clerk of this Court using the CM/ECF system of filing which will forward a copy to counsel for the Defendant at the following address:

Kathryn Willis
K. Bryance Metheny
Barbara Agricola

_____
Of Counsel